Charles Edward **THOMAS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23302.

United States Court of Appeals
Fifth Circuit.

May 12, 1967.

---

Seagal Wheatley, San Antonio, Tex., for appellant.

Reese L. Harrison, Jr., Asst. U. S. Atty., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and DYER, Circuit Judges.

HUTCHESON, Circuit Judge:

Convicted on two counts of forgery in violation of 18 U.S.C. § 495 and sentenced to four years on each count, the sentences to run concurrently, Thomas appeals, complaining of the denial by the district court of a motion to suppress from evidence testimony concerning his oral confession. We affirm.

Appellant Thomas was arrested by Bobby Woodham, a Secret Service agent, on January 8, 1965. In making the arrest without a warrant, Woodham relied on the following information. He had been told by one Charles Porter, a co-defendant in the trial below who does not appeal, that Porter had used his car to drive appellant, two women, and another man to a liquor store for the purpose of cashing a check. The two women went inside the store while the men waited in the car. After the check was cashed, Porter said he received $5 and a fifth of whiskey for his trans-portation services, and the other parties split up the money obtained from the check. In addition, Woodham was acquainted with appellant whom he had investigated in 1963, also for forgery.

Upon making the arrest, Woodham advised appellant that he had a right to remain silent, that anything he said could later be used against him, and that he had a right to counsel. Appellant indicated he was well aware of his rights.

Shortly thereafter appellant was taken to appear before a United States commissioner. While waiting in the anteroom of the commissioner's courtroom prior to the hearing, he was served with a warrant based on Woodham's complaint. After again being advised by Woodham as explained above, appellant stated to the agent that he knew a lot about the forgery and wished to make a complete confession which would involve many people. Woodham did not inquire as to the content of such a statement but instead replied that appellant could come by Woodham's office after the hearing if he wished.

In the hearing appellant was properly advised of the charge against him, his right to counsel, and his right to a preliminary hearing. Afterwards he was released on a personal recognizance bond. He proceeded, apparently directly, to Woodham's office. After once more being advised of his right to counsel and to remain silent, appellant confessed. At trial Woodham was permitted to testify, over objection, to the substance of the confession.

The principal ground urged for reversal is that appellant's arrest was illegal, because it was made without either a warrant or probable cause, and that this illegality tainted the confession so as to render it inadmissible. We do not pass upon the legality of the arrest, for assuming, without deciding, that the arrest was unlawful, we hold that under the facts of this case any taint arising from the arrest had dissipated before the confession was given.

Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), is the leading case on the question whether, where evidence is obtained following an illegal arrest, intervening circumstances have occurred which sufficiently remove the taint, attributable to the arrest, from the evidence so as to permit its introduction at trial. This Court has construed *Wong Sun* in Rogers v. United States, 330 F.2d 535 (5th Cir.), cert. denied, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed. 2d 186 (1964):

> "The arrests in Wong Sun were found to be without probable cause. A statement made by defendant Blackie Toy contemporaneous with the arrest which followed a forced entry into the Toy residence was found to be so intimately bound up with the conditions and circumstances of the arrest as not to be an act of a wholly free will. The contention that Toy's statement was freely given was said to take
>
>> 'insufficient account of the *circumstances*. Six or seven officers had broken the door and followed on Toy's heels into the bedroom where his wife and child were sleeping. He had been almost immediately handcuffed and arrested. *Under such [oppressive] circumstances* it is unreasonable to infer that Toy's response was sufficiently an act of free will to purge the primary taint of the unlawful invasion.' 371 U.S. at 486, 83 S.Ct. at 416, 9 L.Ed.2d 441. (emphasis added)

On the other hand, Wong Sun following his illegal arrest was released on his own recognizance. He returned to the police a few days later to make a statement the admissibility of which was being contested. The connection between the arrest and the evidence 'had become so attenuated as to dissipate the taint. Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct.

266, 84 L.Ed. 307.' 371 U.S. at 491, 83 S.Ct. at 419, 9 L.Ed.2d 441." 330 F.2d 540–541.

This Court said further that the Supreme Court had indicated in *Wong Sun* "the necessity for the intervention of a clear act of free will on the part of the defendant in order to purge the evidence of its stigma." 330 F.2d 541. In holding that there was a sufficient evidence of freedom of mind to support a conclusion that any illegality involved in Rogers' arrest could not have infected his later statements, we took into account several factors: the lack of "oppressive circumstances", of which *Wong Sun* speaks,[1] surrounding the arrest of the defendant; a three hour delay between arrest and statement; a noncontinuous interrogation; and the defendant's intervening refusal to confess. 330 F.2d 542. We think that the evidence of freedom of mind is clearer here than in *Rogers*. The appellant likewise was not arrested under oppressive circumstances; he was not interrogated; and the delay between arrest and confession was approximately the same as in *Rogers*. But in addition, prior to confessing,[2] appellant had a hearing before a commissioner who advised him of his right to counsel, and significantly was released on his own personal recognizance, as was Wong Sun. It was thereafter that appellant went to Woodham's office to confess. We conclude that under these circumstances appellant's confession was an act of free will and untainted by the arrest. See Commonwealth of Pennsylvania ex rel. Craig v. Maroney, 348 F.2d 22, 29–30 (3d Cir. 1965), cert. denied, 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966).

Because appellant's confession was admissible even assuming he was arrested unlawfully, there was no error in denying the motion to suppress. The judgment accordingly is affirmed.

1. See 371 U.S. at 486, n. 12, 83 S.Ct. 407.

2. The statements made to Woodham prior to the hearing merely indicated that appellant desired to confess, but the details of the confession were not revealed until after the hearing.