**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Everett Wayne COX, Defendant-Appellant.**

**No. 71–2439.**

United States Court of Appeals,
Fifth Circuit.

April 28, 1972.

J. A. Canales, Corpus Christi, Tex. (Court appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, C. Leland Hamel, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

A jury found Everett Wayne Cox guilty of transporting a 1969 Ford Falcon automobile in interstate commerce from Fort Smith, Arkansas, to Corpus Christi, Texas, knowing it to have been stolen, in violation of the Dyer Act, 18 U.S.C. § 2312. On the second day of the trial, Cox was absent. Pursuant to Rule 43, Federal Rules of Criminal Procedure,[1] the trial proceeded in his absence. He was subsequently arrested in Minneapolis, Minnesota, and charged with bail jumping in violation of 18 U. S.C. § 3150, to which he pled guilty. Sentences of five years' imprisonment for the Dyer Act violation and four years' imprisonment for bail jumping were imposed, the sentences to be served concurrently. Cox appeals only the Dyer Act conviction. He makes four claims of error on this appeal.

First, he claims that statements made by him to state officers while in state custody were improperly admitted into evidence against him because the statements were secured subsequent to unlawful arrest by state officials. Cox filed a motion to suppress those statements, which was denied by the District Court. The Court ruled that while the statements had been taken subsequent to an unlawful arrest they nevertheless had been shown to be voluntary and that the unlawful detention did not overbear the exercise of Cox's free will in making the statements. The Court noted that the statements were made after a proper *Miranda*[2] warning had been given, without intensive questioning, but within an hour of the commencement of the confinement. After careful review of the facts and circumstances contained in the record before us, we hold that the District Court's ruling in favor of the admissibility of the statements was not clearly erroneous. See Rogers v. United States, 5 Cir., 1964, 330 F.2d 535, 539–542; Thomas v. United States, 5 Cir., 1967, 377 F.2d 118, 120; Manuel v. United States, 5 Cir., 1966, 355 F.2d 344, 348; Phelper v. Decker, 5 Cir., 1968, 401 F.2d 232, 237–238; United States v. Kilgen, 5 Cir., 1971, 445 F.2d 287, 289; Samora v. United States, 5 Cir., 1969, 406 F.2d 1095, 1099. The cases of Collins v. Beto, 5 Cir., 1965, 348 F.2d 823; Harney v. United States, 5 Cir., 1969, 407 F.2d 586; and Alexander

1. Rule 43 provides in relevant part:
   "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. . . ."

2. See Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

v. United States, 5 Cir., 1968, 390 F.2d 101, are distinguishable on their respective facts.

 Secondly, Cox argues that statements made to Federal Agent Harris while Cox was in state custody were inadmissible in violation of Rule 5(a), Federal Rules of Criminal Procedure.[3] The District Court held that no violation of Rule 5(a) occurred:

> "The court finds that there was no 'working arrangement' whereby federal officers induced the state officers to hold defendant illegally so that the federal officers could secure a confession. The court further finds that defendant's statement to the federal officers was wholly voluntary."

The findings are not clearly erroneous. Compare Kulyk v. United States, 5 Cir., 1969, 414 F.2d 139.

 Cox also claims error in that the Trial Court proceeded with the trial in his absence. It was conclusively established that Cox's absence was voluntary by his subsequent plea of guilty to the charge of bail jumping growing out of the episode. No violation of Rule 43, Federal Rules of Criminal Procedure, appears from the record.

 Finally, Cox argues that it was error on the part of the District Court to permit the FBI case agent to sit at the counsel table with the Assistant United States Attorney who tried the case. The record shows no abuse of discretion on the part of the Trial Court in permitting this virtually universal practice. See Brown v. United States, 5 Cir., 1955, 228 F.2d 286, 287, cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 100 L. Ed. 1500 (1956); Portomene v. United States, 5 Cir., 1955, 221 F.2d 582, 583.

Affirmed.

3. Rule 5(a) provides:
   "(a) Appearance before the Commissioner. An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith."