**328 A.2d 106.**

STATE *vs.* ARTHUR H. PARMENTIER.

NOVEMBER 21, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. The state has appealed the grant of the defendant's suppression motion. The defendant was indicted for his alleged participation in a series of house-breaks that occurred in the Narragansett and South Kingstown sections of Washington County. The record indicates that he was arrested in a university parking lot while seated in a Chevrolet convertible vehicle which was owned by another individual who was arrested at the same time and also charged with complicity in the breaks. The police had been informed that a similar vehicle had been parked in the driveway of a South Kingstown home just prior to the discovery of a break at that location. The arresting officer informed the trial justice that, after taking the defendant to the South Kingstown police station, the defendant was given the Miranda warnings and then signed a waiver of his fifth and sixth amendment rights. A series

of signed statements setting forth the defendant's participation in the crimes charged are part of the record. The defendant denied that he had been informed of his rights to remain silent and have the assistance of counsel. He also testified that the waiver was not presented to him until "several hours" after the interrogation had begun.

The trial justice ruled that the police had no probable cause to arrest defendant; he therefore barred the subsequent use of "any confession taken from him." The state argues that any taint caused by the illegal arrest was eradicated by the waiver signed by defendant. This contention finds support in our recent holding in *State* v. *LaRosa,* 112 R. I. 571, 313 A.2d 375 (1974), where we ruled that a confession voluntarily given by an accused in custody is not rendered inadmissible ipso facto by the illegality of his arrest.

Here, the suppression of the evidence was based solely on the lack of probable cause for the defendant's arrest. Accordingly, the ends of justice will best be served by a remand to the trial court where the necessary findings can be made as to whether the defendant's statements may be used at trial.

The state's appeal is sustained.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Frank S. Cappuccio,* for defendant.