UNITED STATES of America,
Plaintiff-Appellee,

v.

Roderick Marvin GREER,
Defendant-Appellant.

No. 77–5369
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1978.

William N. Clark (court-appointed), Birmingham, Ala., for defendant-appellant.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

J. R. Brooks, U. S. Atty., George C. Batcheler, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant, represented by court-appointed counsel, was convicted by a jury of conspiracy, bank robbery, and interstate transportation of a stolen motor vehicle, violations of 18 U.S.C. §§ 371, 2113(a)(d), and 2312. He was sentenced on June 9, 1977, to a total of thirty years imprisonment.

On appeal, the appellant claims the district court erred in denying his motion to suppress his confession on grounds that he was not legally arrested and was not promptly taken before a magistrate. Preceding trial, the district court held a hearing on the motion. The court allowed the signed statement to go to the jury. Review of the court's action is limited to determining whether its finding was clearly erroneous. *United States v. Kelly*, 5 Cir. 1977, 556 F.2d 257; *United States v. Vasquez*, 5 Cir. 1976, 534 F.2d 1142.

The bank robbery involved in this case occurred shortly after 9:00 a. m. on March 3, 1977. Local law enforcement officials and FBI agents strongly suspected the appellant, as the modus operandi of the robbery was similar to one used by the appellant in other bank robberies. About one hour after the robbery, city policemen saw the appellant walking down the street. The policemen stopped him so he could be interviewed by the FBI. The policemen testified that although they did not arrest the appellant, he was not free to go. Furthermore, the officers testified that they did not give the appellant the *Miranda* warning and they did not question the appellant regarding the robbery.

The appellant was brought to the city jail where he was given the *Miranda* warning and was questioned at various times over the course of the afternoon by city policemen and an FBI agent. The appellant resolutely denied any involvement in the bank robbery.

At about 7:00 p. m. a city detective told appellant that a witness had identified appellant by a mug shot as the person he had seen in the automobile which had been used in the bank robbery. The detective showed appellant the picture, which had been signed by the witness, and announced that he intended to file state charges against the appellant. Upon being so informed, appellant stated that he would rather be charged under federal law, and, if so, he would make a statement. The appellant was again advised of his rights and he signed a waiver form. After making a statement, the appellant read it and signed it. Although the appellant contends that he was physically abused, the city police officers and FBI agents testified that he was not abused or threatened.

In the present case, there was no probable cause to arrest or detain appellant from 10:00 a. m. to 7:00 p. m. Our task now is to determine if the confession was a result of the illegal detention as "[t]his Court has not established a *per se* rule that statements made during a period of illegal detention are necessarily excluded." *Moffett v. Wainwright*, 5 Cir. 1975, 512 F.2d 496, 502. The factors this court considers are: the circumstances surrounding the arrest, whether custody was continuous, the duration of the custody, the pattern of interrogation, whether the suspect had been apprised of his rights, whether there was substantial intervening occurrences between arrest and statement, and the extent to which the arrest violated legal processes. *Id.* at 502–503. We have found statements admissible in the following cases:

(1) *Rogers v. United States*, 5 Cir. 1964, 330 F.2d 535, *cert. denied* 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186 (lack of oppressive

circumstances, the short time which elapsed between arrest and statement, the noncontinuous interrogation, and the intervening refusal to confess);

(2) *United States v. Cox,* 5 Cir. 1972, 459 F.2d 986 (proper *Miranda* warnings were given, questioning was not intensive and lasted only one hour);

(3) *Thomas v. United States,* 5 Cir. 1967, 377 F.2d 118, *cert. denied* 389 U.S. 917, 88 S.Ct. 246, 19 L.Ed.2d 273 (no oppressive circumstances, no interrogation, a short period of time before the statement was given, and the intervention of a hearing before a Commissioner who advised him of his rights and released him on recognizance);

(4) *Phelper v. Decker,* 5 Cir. 1968, 401 F.2d 232 (defendant voluntarily accompanied the officers, the arrest was only technically illegal, he was advised of his rights, and questioning was not prolonged); and

(5) *Samora v. United States,* 5 Cir. 1969, 406 F.2d 1095 (intervention of a clear act of free will—the defendant's desire to absolve his companion).

This court has held statements inadmissible in the following cases:

(1) *Harney v. United States,* 5 Cir. 1968, 407 F.2d 586 (warnings were inadequate);

(2) *Alexander v. United States,* 5 Cir. 1968, 390 F.2d 101 (fraudulent warnings and misleading statements were made to defendant and the atmosphere was fraudulent and coercive).

Using the *Moffett* criteria we conclude that although the custody and questioning was continuous, the single most significant factor in the appellant's decision to confess was his realization that the police had found a witness who could place appellant in the automobile which had been used in the bank robbery. His confession was a result, not of his arrest, detention, and questioning, but of his realization that the police had evidence against him and were going to bring state charges, and of his desire to make the best possible "deal" for himself. The appellant's act of free will in making his confession removed the taint from the illegal arrest and detention. Accordingly, we find no clear error in the trial judge's finding below that the confession was not the product of an illegal arrest.

■ Appellant next contends that the statement should not have been admitted because of the unnecessary delay in bringing him before a magistrate. The record shows that appellant was not brought before a magistrate until the day following his arrest and statement.

Under the provisions of 18 U.S.C. § 3501(c), a confession will not be inadmissible solely because of a delay in bringing him before a magistrate, if the confession is found by the trial judge to be voluntary and the weight of the confession is left to the jury, and if the confession was made within six hours following arrest. In the present case, the record conclusively establishes that federal custody did not begin until 7:00 p. m. Since *United States v. Rollerson,* 5 Cir. 1974, 491 F.2d 1209, holds that delay under 18 U.S.C. § 3501(c) is to be measured from the beginning of federal detention, there is no merit to appellant's claim. Moreover, while there is evidence of federal-state cooperation, there is no suggestion that the state custody was a result of an improper working arrangement with the FBI.

For the foregoing reasons the judgment of the district court is affirmed.

AFFIRMED.