**Roderick M. GREER, Plaintiff-Appellant,**

v.

**Howard TURNER et al.,
Defendants-Appellees.**

**No. 78–3733
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1979.

Roderick M. Greer, pro se.

Milton E. Belcher, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Roderick M. Greer is in the custody of the Attorney General, having been convicted of several federal criminal offenses, including bank robbery. Greer brought this civil rights suit under 42 U.S.C. § 1983 (1976) against three detectives on the Huntsville, Alabama police force and two FBI agents for falsely arresting and detaining him on March 3, 1977, shortly after a Huntsville bank had been robbed. The district court dismissed Greer's complaint on the theory that Greer's claim of false arrest and imprisonment had previously been disposed of adversely to him when we affirmed Greer's conviction for robbing the bank. *See United States v. Greer,* 566 F.2d 472 (5th Cir.)

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

522

(per curiam), *cert. denied,* 435 U.S. 1009, 98 S.Ct. 1881, 56 L.Ed.2d 891 (1978).

The sole issue before this court in that appeal was the voluntariness of the confession Greer made while being held in custody following his arrest. We accepted Greer's argument that "there was no probable cause to arrest or detain" him, *id.* at 473, but concluded that "[h]is confession was a result, not of his arrest, detention, and questioning, but of his realization that the police had evidence against him [acquired after his arrest] . . . and of his desire to make the best possible 'deal' for himself." *Id.* at 474. Contrary to the district court's conclusion, therefore, our disposition of Greer's appeal did not resolve the false arrest and detention argument against Greer.

The allegations of Greer's complaint state enough against the city detectives, Turner, Petty and Norment, to withstand a motion to dismiss. As for the FBI agents, Frankenfield and Marx, however, it is not shown how their conduct constituted state action. Since the case must be remanded for further proceedings, it is unnecessary for us to speculate on what allegations, if any at all, might be sufficient to make out a case against the agents under section 1983.

REVERSED and REMANDED for further proceedings.