**Roderick M. GREER, Petitioner-Appellant,**

v.

**Howard TURNER et al., Respondents-Appellees.**

No. 80–7489
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.
Unit B

March 9, 1981.

Roderick M. Greer, pro se.

J. R. Brooks, U. S. Atty., Holly L. Wiseman, Asst. U. S. Atty., Birmingham, Ala., James D. Chadbourne, Asst. City Atty., Huntsville, Ala., for Turner, Petty & Norment.

Before HILL, FAY and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Roderick M. Greer, who has been convicted (and whose conviction has been affirmed) of bank robbery, brought this action against the local and federal officers who arrested him, alleging false arrest and illegal detention. The district court granted summary judgment for the defendant officers, finding "that the officers who arrested the plaintiff in this case acted with probable cause or with a sincere good-faith belief that probable cause existed for the arrest of the plaintiff." February 10, 1980 Memorandum Opinion; Record at 78. We affirm.

I.

On March 3, 1977, shortly after nine o'clock in the morning, a Huntsville, Alabama branch of the American National Bank was robbed. Huntsville detectives Crumrine, Parker and Patterson met FBI agent Marx at the bank; Marx had gathered descriptions of the two robbers and their *modus operandi* from eye witnesses. The descriptions led the officers to suspect that Greer was one of the robbers.[1] All four officers drove towards Greer's residence. En route, they heard by radio that Huntsville detective Norment had interviewed a student who had seen two black males switching automobiles in the school parking lot, abandoning the automobile identified as the getaway vehicle and driving off in another, silver car. The student noted that one of the men, whose description matched Greer's, changed his shirt.

Near Greer's residence, the officers spotted a parked silver car; they saw Greer himself walking toward his house. An inquiry through the National Crime Informa-

---

1. Witnesses described one of the robbers—the one most closely resembling Greer—as about six feet two inches tall, weighing about two hundred twenty pounds. Greer claims he is only five feet eleven inches tall. Greer was also a suspect in two earlier bank robberies with similar *modus operandi* which had occurred shortly after he had been released from federal prison on parole from a 1967 conviction for bank robbery.

tion Center revealed that the silver car had been stolen on March 1, 1977 in Chattanooga, Tennessee. A box on the front seat of the car contained a paper sack filled with currency bound by straps marked American National Bank.

The officers were unable to find Greer at home, so they issued an alert. Greer, walking near his house, was seen by Huntsville detective Turner. Turner, assisted by Huntsville detective Petty, took Greer into custody[2] sometime between 10:00 a. m. and 11:00 a. m. They drove him to the lot where the silver car was parked; there Marx instructed them to take Greer to the Huntsville police station. Greer was not questioned until he arrived at the station. There FBI agent Frankenfield and Huntsville sergeant Norment advised him of his *Miranda* rights and began to interview him. Greer was interviewed at various times over the course of the afternoon. He denied any involvement in that morning's bank robbery until sometime early in the evening, when he was informed that a witness (the student who had observed the car switch) identified him. Greer then confessed his participation in the robbery.

Greer was convicted by a jury.[3] He appealed that conviction, arguing that the trial court erred by denying his motion to suppress his confession on the theory that he was not legally arrested and detained. This court rejected that theory, finding that "the single most significant factor in [Greer's] decision to confess ... was ... his realization that the police had evidence against him and ... his desire to make the best possible 'deal' for himself." *United States v. Greer*, 566 F.2d 472, 474 (5th Cir. 1978). In reaching the conclusion that Greer's confession was not the product of an illegal arrest, however, this court bluntly asserted: "In the present case, there was no probable cause to arrest or detain appellant from 10:00 a. m. to 7:00 p. m. Our task now is to determine if the confession was a result of the illegal detention ...." *Id.* at 473.

Perhaps seizing on this dictum, Greer brought the present action alleging illegal arrest and detention. The district court dismissed his complaint, maintaining that this court's affirmance of Greer's conviction disposed of his false arrest claim. On appeal, we reversed and remanded the cause for further proceedings, explaining that:

> The sole issue before this court in [the earlier] appeal was the voluntariness of the confession Greer made while being held in custody following his arrest. We accepted Greer's argument that "there was no probable cause to arrest or detain" him ... but concluded that [his confession was not the product of an illegal arrest]. Contrary to the district court's conclusion, therefore, our disposition of Greer's appeal did not resolve the false arrest and detention argument against Greer.

*Greer v. Turner*, 603 F.2d 521, 522 (5th Cir. 1979).

This court's initial remarks concerning the legality of Greer's arrest, then, were conclusory and gratuitous; our holding did not rest on a finding that Greer's arrest had been without probable cause. We made it clear that the false arrest issue had not yet been before this court.

On remand, the district court referred the case to a magistrate, who recommended summary judgment for the defendant officers on the ground that there was probable cause for Greer's arrest. The district court accepted the magistrate's recommendations, found probable cause for the arrest, and granted summary judgment. Greer has appealed.

## II.

■ At common law, good faith and probable cause were viable defenses against actions for false arrest and imprisonment.

---

**2.** The officers testified that although they did not arrest Greer, he was not free to go. They did not recite the *Miranda* litany to Greer, nor did they question him.

**3.** Greer was convicted of conspiracy, bank robbery and interstate transportation of a stolen motor vehicle, 18 U.S.C. §§ 371, 2113(a), (d), and 2312.

In *Pierson v. Ray*, 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967), the Supreme Court held that the same defenses were viable against actions under § 1983 for unconstitutional arrest. The question, then, is whether the officers here acted in good faith and with probable cause when they arrested Greer.

■ As the Supreme Court has often explained, both the standards and procedures for arrest emanate from the fourth amendment. "The standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Gerstein v. Pugh*, 420 U.S. 103, 111–12, 95 S.Ct. 854, 861–62, 43 L.Ed.2d 54 (1975) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)); *see generally Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949) (probable cause defined as "a reasonable ground for belief of guilt."). At the time Greer was taken into custody, the defendant officers had accumulated considerable evidence suggesting he had committed the bank robbery earlier that morning: (1) eye witnesses to the robbery had provided a description which was similar to Greer's; (2) the *modus operandi* of the robbery was similar to that used in earlier bank robberies, and there was evidence linking Greer to those robberies; (3) another witness provided a description, which matched Greer's, of a man seen switching automobiles and driving off in one of the cars identified as a getaway vehicle; (4) the officers spotted Greer walking between his residence and the parked getaway vehicle, which contained monies taken from the robbed bank. Since the essential facts, which are uncontroverted,[4] reveal that the officers acted with good faith and probable cause when they arrested Greer, the district court properly granted their motion for summary judgment. The district court's order is therefore

AFFIRMED and the case is DISMISSED.

---

4. Greer relied on the government's witness and affidavits in presenting his case. His attempt to discredit the affidavits by pointing out discrepancies in the times given for his arrest is frivolous. The times given are stated to be approximate. Greer's attempt to discredit the descriptions provided by witnesses are similarly meritless; those descriptions too were approximate.