Larry Wayne WHITSON,
Plaintiff-Appellant,

v.

Charles BAKER and Troy Howton,
Defendants-Appellees.

No. 82–7186.

United States Court of Appeals,
Eleventh Circuit.

May 21, 1984.

Dominick, Fletcher, Yeilding, Acker, Wood & Lloyd, John Terrell McElheny, Birmingham, Ala., for defendants-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

This state prisoner's civil rights action presents a question concerning the construction of an Alabama tolling statute, Ala.Code § 6–2–8 (1975). Because this question of state law appears to control the outcome of this appeal and there are no clear controlling precedents in the decisions of the Alabama Supreme Court, we certify the question to the Alabama Supreme Court under Rule 18 of the Alabama Rules of Appellate Procedure.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA, PURSUANT TO RULE 18, ALABAMA RULES OF APPELLATE PROCEDURE.

(1) *Style of the Case*

The style of the case in which this certificate is made is Larry Wayne Whitson, plaintiff-appellant, versus Charles Baker and Troy Howton, defendants-appellees, Case No. 82–7186, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Alabama.

(2) *Statement of Facts*

Larry Wayne Whitson was arrested on April 20, 1978, on a charge of first degree burglary, and placed in the Jefferson County Jail in Bessemer, Alabama. Bond was fixed at $5,000. Whitson was unable to post bond and therefore remained incarcerated pending his trial. He was tried in March, 1979, and the jury returned a verdict of guilty on March 20, 1979. Whitson was sentenced to twenty-five years in the penitentiary. His motion for a new trial was denied on April 20, 1979, and that day he was transferred to the

Birmingham Division of the Jefferson County Jail. Whitson's conviction was affirmed by the Alabama Court of Criminal Appeals on September 9, 1979.

Whitson filed a *pro se* complaint under 42 U.S.C.A. § 1983, alleging that by placing him in solitary confinement, jail authorities violated his eighth amendment protection against cruel and unusual punishment. The incidents occurred on September 15 and 16, 1978. Whitson filed his complaint on December 1, 1980.

The district court held that Whitson's § 1983 claim was barred by *Ala.Code* § 6–2–39(a)(5), which provides a one-year limitation on "[a]ctions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section...." This Court held that this one-year statute of limitations was correctly applied to Whitson's claim, but remanded to the district court for consideration of whether the statute of limitations was tolled by *Ala.Code* § 6–2–8 (1975), which provides:

*Suspension of limitations—Disabilities*

(a) If anyone entitled to commence any of the actions enumerated in this chapter, ... is, at the time such right accrues, ... imprisoned on a criminal charge for any term less than for life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action....

    \*    \*    \*    \*    \*    \*

(c) A disability which did not exist when a claim accrued does not suspend the operation of the limitation unless the contrary is expressly provided for.

At the time Whitson's alleged cause of action accrued on September 15, 1978, he was detained in jail pending trial. The Alabama Supreme Court has never ruled on the effect of the tolling provision in Ala.Code. § 6–2–8 on an action initiated by prisoner-plaintiff who was a pretrial detainee at the time his cause of action arose.

On remand, the district court concluded that *Ala.Code* § 6–2–8 did not toll the limitations period for Whitson, a pretrial detainee, because he was not "imprisoned on a criminal charge for a term less than life" when his cause of action arose. The court further noted that because a person "imprisoned on a criminal charge for a term less than life" is not under a disability to sue and be sued in the courts of Alabama, it is doubtful whether the tolling provision of *Ala.Code* § 6–2–8 would still be applied by the Alabama Supreme Court to this category of persons.

(3) *Question to be Certified*

If a cause of action governed by a one-year statute of limitations accrues while the plaintiff is incarcerated pending trial on a criminal charge, and six months later the plaintiff is imprisoned on the criminal charge for a term less than life, does *Ala.Code* § 6–2–8 operate to toll the one-year statute of limitations?

The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given. *See Martinez v. Rodriquez*, 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The clerk of this Court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama, and simultaneously to transmit copies of the certificate to the attorneys for the parties.