885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Don Karin WARD, Plaintiff-Appellant,
v.
Richard D. WARREN, Alfred Truitt, Jr., Hamilton Fox,
Defendants-Appellees.
 No. 88-7097.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1989.
Decided Sept. 19, 1989.
 
 Don Karin Ward, appellant pro se.
 John Joseph Curran, Jr., Stephanie Judith Lane-Weber, Office of the Attorney General of Maryland, for appellees Warren and Truitt.
 Before WIDENER, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Don Karin Ward appeals the district court's entry of judgment in favor of defendants in Ward's action filed under 42 U.S.C. Sec. 1983, alleging that defense counsel, the prosecutor, and the judge at Ward's state criminal trial conspired to deny him due process. We affirm the judgment in favor of defendants.
 
 
 2
 The crux of Ward's complaint was that the state charged him with having committed a sexual offense against a minor in Parsonsburg, Maryland, but tried him for having committed such an offense in Fruitland, Maryland. Ward claimed that his attorney failed to impeach the state's witnesses with their prior statements regarding where the offense occurred and was ineffective in other respects as well. He claimed that the prosecutor had the witnesses perjure themselves and contradict their prior statements in order that their testimony would coincide with school records concerning where the minor lived at the time of the offense. Finally, Ward claimed that his trial counsel and the prosecutor conspired to alter the transcript to conceal the perjury and thereby interfere with Ward's efforts to have his conviction set aside.[1]
 
 
 3
 As noted by the district court, Ward's claims relating to the conduct of his trial are properly brought under 28 U.S.C. Sec. 2254 after exhaustion of state remedies. Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). Moreover, although a viable Sec. 1983 damage claim should be stayed on the federal docket pending exhaustion if it would otherwise be time barred, Hamlin, supra, at 32, Ward did not present viable damage claims against these defendants.[2] As the district court held, the judge and prosecutor enjoy absolute immunity from damage liability for their actions at trial. Stump v. Sparkman, 435 U.S. 349 (1978); Imbler v. Pachtman, 424 U.S. 409 (1976). In addition, Ward's court-appointed trial attorney is not a state actor, and so not amenable to suit under 42 U.S.C. Sec. 1983, Hall v. Quillen, 631 F.2d 1154 (4th Cir.1980), cert. denied, 454 U.S. 1141 (1982), unless he has subjected himself to liability by virtue of conspiring with state officials. Tower v. Glover, 467 U.S. 914 (1984). Defense counsel denied such conduct in his affidavit, and Ward's conclusory assertions are insufficient to overcome counsel's sworn denial. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir.1984).
 
 
 4
 Relief was also properly denied on Ward's claim that the transcript was altered. We agree with the district court's determination that the sections of the transcript relied upon by Ward in support of this claim do not indicate that the transcript has been altered or fabricated.[3] Moreover, Ward conceded in his complaint that the alleged alterations did not affect his grounds for challenging his conviction. Under these circumstances, Ward has failed to show any violation of his due process rights.
 
 
 5
 We accordingly affirm the judgment of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Ward also claimed that the prosecutor conspired with counsel appointed to represent him on appeal to have the attorney present only frivolous grounds. The only fact pointed to by Ward in support of this allegation was that his claims were rejected by the court on appeal of his conviction. As Ward set forth no basis for concluding that the prosecutor was involved in his attorney's choice of errors to raise on appeal, this claim is without merit
 
 
 [2]
 In addition to seeking a total of $15 million in damages, Ward sought a court-ordered investigation for the purpose of bringing the defendants to justice. He has also filed on appeal a "notice of criminal acts committed against plaintiff for refusing to drop the above suit." The investigation and initiation of criminal charges is a prosecutorial rather than judicial function. In addition, with regard to the notice filed on appeal, this Court can consider only those matters which have been presented to the district court
 
 
 [3]
 Ward contends on appeal that the state failed to serve a copy of his trial transcript on him at the time the transcript was submitted to the court. However, Ward had a copy of his trial transcript, and the portions which he submitted to the court in an effort to prove his claim of alteration were identical to the transcript filed by the state