[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2005
THOMAS K. KAHN
CLERK

No. 04-14710
Non-Argument Calendar

_____

D.C. Docket No. 04-00269-CV-T-26-TBM

RONALD HANSEL,

Plaintiff-Appellant,

versus

ALL GONE TOWING CO.,
PINELLAS COUNTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2005)

Before BLACK, MARCUS, and PRYOR, Circuit Judges.

PER CURIAM:

Ronald Hansel, proceeding pro se, appeals the district court's dismissal of his

complaint for failure to state a claim, under 42 U.S.C. §§ 1983 and 1985, against

Pinellas County, Florida.[1]  Hansel filed the instant complaint against All Gone Towing Company ("All Gone Towing") and Pinellas County, alleging that the defendants, in connection with the towing of his truck and trailer, had deprived him, and conspired to deprive him, of his property without due process of law and of the equal protection of the law.[2]

We review the district court's grant of a motion to dismiss de novo, accepting all allegations in the complaint as true.  Kyle K. v. Chapman, 208 F.3d 940, 942 (11th Cir. 2000).  A court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief.  See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001).

To state a claim under § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law.  See 42 U.S.C. § 1983.  Municipal corporations are liable under § 1983 only in the event a constitutional tort resulted from an official policy or custom.  Monell v. Department of Social Serv., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978).  A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy

---

[1]  We GRANT Hansel's Motion for leave to file his Reply Brief out of time.

[2]  Hansel does not challenge the dismissal as to All Gone Towing.

exists.  See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998).  Vague and conclusory allegations suggesting a § 1983 conspiracy are insufficient to withstand a motion to dismiss.  Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

To state a claim for a private § 1985 conspiracy, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) that a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001).

Upon thorough review of the record and careful consideration of the parties' briefs, we discern no reversible error.

In his complaint, Hansel asserted that, because notice of prohibited parking was not provided, he was deprived of his property without due process of law and of the equal protection of the law, when All Gone Towing towed his truck.  On the face of the complaint, Hansel does not state a § 1983 deprivation claim against Pinellas County because he concedes that All Gone Towing, not Pinellas County, effected the towing of his truck and the alleged deprivation of his civil rights.  See 42 U.S.C. §

3

1983.  Moreover, to the extent Hansel alleges that Pinellas County deprived him of his civil rights,  Hansel claims only that (1) Pinellas County authorized towing rates and "took kickbacks," and (2) if he is entitled to discovery, he could determine whether or not it's the policy of Pinellas County to "prey on truck drivers."  He does not point to facts indicating that Pinellas County has implemented an unconstitutional policy or practice designed to deprive truck drivers of their civil rights and, accordingly, municipal liability will not attach.  See Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38.

Hansel also fails to state a claim against Pinellas County for conspiracy to interfere with civil rights under either § 1983 or § 1985.  Hansel, in making these claims, alleges only that he is "an apparent victim of 'shakedown' racket operated by [All Gone Towing and Pinellas County]" and that All Gone Towing and Pinellas County "participated in a civil conspiracy to regularly engage in depriving . . . truckers of their property, due process of law, and the equal protection of the law." Simply put, such conclusory allegations, with no factual support, are insufficient to state a claim.  See Fullman, 739 F.2d at 556-57.

Accordingly, we affirm the district court's dismissal of Hansel's complaint for failure to state a claim.

**AFFIRMED.**

4