**Stephen Edward MASON, Plaintiff,**

v.

**COUNTY OF ORANGE, Michael S. Carona, Deputy Sheriff Peter M. Perez, Deputy Sheriff B.R. Copeland, Deputy Sheriff R.B. Sutton, Deputy Sheriff R. Manche, Deputy Sheriff B. Stephenson, Deputy Sheriff Christensen, Sheargeant S. Sumpson, Deputy Sheriff Gregory S.T. Risko, Lisa Caroline Risko, and Does 1 through 10, inclusive, Defendants.**

**No. SACV 08–0235 AG (RNBx).**

United States District Court,
C.D. California.

Aug. 19, 2008.

Jerry L. Steering, Jerry L. Steering Law Offices, Newport Beach, CA, for Plaintiff.

Pancy Lin, S. Frank Harrell, Lynberg and Watkins, Orange, CA, Jason S. Roberts, Grant Genovese and Baratta, Irvine, CA, for Defendants.

## ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT

ANDREW J. GUILFORD, District Judge.

This matter focuses on the need for a complaint to be sufficiently focused to allow the defendants to properly understand its claims and the Court to do justice. Before the Court is the Motion of Defendants County of Orange, Michael S. Carona, Deputy Sheriff Peter M. Perez, Deputy Sheriff B.R. Copeland, Deputy Sheriff R.B. Sutton, Deputy Sheriff R. Manche, Deputy Sheriff B. Stephenson, Deputy Sheriff Christensen, and Sergeant S. Simpson ("Orange County Defendants") to Dismiss and/or Strike Portions of Plaintiff's Complaint Pursuant to FRCP 12(b)(6) and 12(f); and for a More Definite Statement Pursuant to FRCP 12(e). Plaintiff has filed no opposition, which the Court may deem to be consent to granting the requested relief. Local Rule 7–12. The Court finds that the Complaint is a typical "shotgun pleading" and GRANTS the Motion for a More Definite Statement.

The Court agrees with the Orange County Defendants that the Complaint is seriously deficient and fails to inform the Orange County Defendants of the nature of the liability theories they face in this action. Indeed, the pleading of this Complaint raises questions about whether Plaintiff's counsel has violated Federal Rule of Civil Procedure 11. First, each claim for relief in the Complaint generally realleges all the preceeding allegations, regardless of whether those allegations conflict with the claim for relief. For instance, the Ninth Claim for Relief for *Intentional* Infliction of Emotional Distress "realleges and incorporate[s]" all of the allegations in the Eighth Claim for Relief, which alleges *Negligent* Infliction of Emotional Distress. Second, each claim for relief is alleged against all eleven defendants, regardless of whether the facts alleged support such an allegation. For example, the First Claim for Relief for Unlawful Seizure of a Person is unclear as to how the County Sheriff was involved in that violation of Plaintiff's rights. Accordingly, the Court GRANTS the Motion for a More Definite Statement. Plaintiff's counsel is ORDERED to submit a First Amended Complaint within 21 days, and to be very careful to adhere to Rule 11 when drafting that pleading. The Court also finds the footnotes now in the Complaint to be distracting.

The Court will not address the Orange County Defendants' other arguments at this time, because those arguments will be better addressed after Plaintiff files a more definite statement. As stated in *Anderson v. District Board of Trustees,* 77 F.3d 364, 366–67 (11th Cir.1996):

> [W]ith the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir.1984). Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confi-

**564**

dence in the court's ability to administer justice.

IT IS SO ORDERED.