[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14136
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-02538-LSC-TMP

ARTHUR BRENNAN MALLOY,

Plaintiff-Appellant,

versus

KENNETH N. PETERS,
Captain,
CARTER F. DAVENPORT,
Warden,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 15, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Arthur Brennan Malloy, an Alabama state prisoner appearing *pro se*, appeals from the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 suit alleging that the defendants conspired to retaliate against him in violation of his First Amendment rights by charging him with a violation of prison rules after he filed a complaint against one of the defendants.  On appeal, Malloy argues that the district court abused its discretion in striking his discovery requests because they were timely served upon the defendants pursuant to the Federal Rules of Civil Procedure ("FRCP"), and the discovery order did not supersede the FRCP.  In addition, Malloy argues that the district court erred in denying his motion for summary judgment and granting the defendants' motion for summary judgment.

## I.

A district court's discovery decisions are reviewed for abuse of discretion. *United States v. R&F Properties of Lake County, Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005).  Federal Rule of Civil Procedure 33 states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories . . . ." Fed.R.Civ.P. 33(a)(1).  Federal Rule of Civil Procedure 36 states that "[a] party may serve on any other party a written request

2

to admit . . . the truth of any matters within the scope of Rule 26(b)(1) . . . ."
Fed.R.Civ.P. 36(a)(1).  If a party receiving a request to admit does not provide a
written answer or objection within 30 days of being served, the matter is admitted.
Fed. R. Civ. P. 36(a)(3).  The district court may regulate practice "in any manner
consistent with federal law, [the FRCP], and the district court's local rules."
Fed.R.Civ.P. 83(b).

Here, the district court did not abuse its discretion in striking Malloy's
discovery requests, because Malloy failed to comply with the discovery order,
which did not conflict with the FRCP.  Malloy did not file any request for leave to
conduct additional discovery as required by the discovery order.  He also submitted
his discovery requests prior to the submission of the defendants' special reports,
which was contrary to the discovery order.  The discovery order was consistent
with the FRCP because it did not prohibit outright discovery requests, but rather
required the parties to receive authorization from the district court before
conducting additional discovery. *See* Fed.R.Civ.P. 83(b).  As a result, the district
court did not abuse its discretion in striking Malloy's discovery requests. *See R&F
Properties*, 433 F.3d at 1355.

## II.

We review a district court's grant of summary judgment *de novo*. *Weeks v.
Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is

appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law. 42 U.S.C. § 1983.  The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011).  An inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process. *Id*. at 1215.  Adequate due process requires that the inmate have (1) advance written notice, (2) an opportunity to present witnesses and evidence at his disciplinary hearing, and (3) a written statement from the factfinder outlining the evidence relied upon and the reasons for the disciplinary action. *Id*. at 1213-14.  Due process requires some evidence in the record that supports the decision of the disciplinary board. *Id*. at 1214.

4

To sustain a conspiracy action under Section 1983, the plaintiff must show that the parties "reached an understanding" to deny the plaintiff his or her rights. *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (quotation omitted). It is not enough to simply aver in the complaint that a conspiracy existed. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

Here, the district court did not err in granting the defendants' motion for summary judgment and denying Malloy's motion. First, Malloy cannot state a retaliation claim, because he was found guilty of the behavior underlying both disciplinary charges and was afforded adequate due process at the disciplinary hearing. *See O'Bryant*, 637 F.3d at 1215. Malloy received advance written notice, an opportunity to present evidence and witnesses, and a written statement outlining the evidence upon which the factfinder relied and the reasons for his decision. Furthermore, there exists some evidence in the record supporting the decision of the disciplinary board to find Malloy guilty of violating prison rules. *See O'Bryant*, 637 F.3d at 1214.

Second, Malloy fails to allege any facts to show that the defendants came to an agreement to violate his constitutional rights and, therefore, conspired to retaliate against him. *See Grider*, 618 F.3d at 1260. As described previously, Malloy failed to show that the disciplinary hearing and resulting determinations of guilt violated his constitutional rights. He also only provided a "mere scintilla" of

5

evidence both in support of his motion for summary judgment and in opposition to the defendants' motion for summary judgment. *See Young*, 358 F.3d at 860.  His evidence consists solely of his assertions that the conspiracy between the defendants existed. *See Fullman*, 739 F.2d at 557.  As a result, the district court did not err in granting the defendants' motion for summary judgment and denying Malloy's motion for summary judgment. *See Weeks*, 291 F.3d at 1311. Accordingly, we affirm.

**AFFIRMED.**