[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10584
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-03356-ODE

RONALD A. LAWRENCE,

Plaintiff-Appellant,

versus

THORNBURG MORTGAGE HOME LOANS INC.,
CENLAR FEDERAL SAVINGS BANK,
MCCALLA RAYMER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 2, 2015)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ronald Lawrence appeals *pro se* the dismissal of his complaint that Thornburg Mortgage Home Loans, Inc., Cenlar Federal Savings Bank, and McCalla Raymer, LLC, conspired to retaliate and to defraud Lawrence in a loan transaction that ended with a non-judicial foreclosure on his real property. *See* 42 U.S.C. § 1983. The district court *sua sponte* dismissed the complaint against Thornburg Mortgage as violative of the automatic stay in its proceedings under Chapter 11 of the Bankruptcy Act. The district court dismissed Lawrence's complaint against Cenlar Bank and McCalla Raymer for failure to state a claim for relief, Fed. R. Civ. P. 12(b)(6), and for failure to plead with particularity the circumstances constituting fraud, Fed. R. Civ. P. 9(b). We affirm.

Lawrence has abandoned any challenge that he could have made to the dismissal of his complaints against Thornburg Mortgage and McCalla Raymer. "While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). Lawrence does not mention, much less dispute, the determination that his action against Thornburg Mortgage violated the automatic stay imposed during its bankruptcy proceeding. And Lawrence does not mention McCalla Raymer in his brief on appeal other than to list the law firm in his certificate of interested persons. We deem abandoned any

2

disagreement that Lawrence might have with the dismissal of his complaints against Thornburg Mortgage and McCalla Raymer.

The district court did not err by dismissing Lawrence's complaint against Cenlar Bank. Lawrence complained about a conspiracy to violate his civil rights, but he failed to allege that Cenlar Bank acted under color of state law, *see* 42 U.S.C. § 1983, or that it "reached an understanding" with another defendant to deprive Lawrence of any right under state or federal law, *see Bailey v. Bd. of Cty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992). Lawrence's conclusory allegations that "defendants collectively and individually participated in a conspiracy to retaliate" and "to commit fraud, misrepresentation and to violate well established laws" were insufficient to withstand the motion by Cenlar Bank to dismiss. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). Lawrence also complained about fraud, but he failed to allege when or what fraudulent representations were purportedly made by Cenlar Bank. *See* Fed. R. Civ. P. 9(b); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Lawrence argues, for the first time, that during the judicial non-foreclosure the defendants sought "to recover on a promissory note" and "to prove up a claim of damages," but we decline to "consider issues not presented in the first instance to the [district] court," *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1140 (11th Cir. 2007).

The district court also did not abuse its discretion when it denied Lawrence's motion for reconsideration. As the district court stated, Lawrence failed to provide "sufficient reason . . . to reconsider" the order of dismissal because his motion "merely repackaged the arguments that he originally asserted in his pro se complaint" and failed to identify any "new evidence, intervening development or change in the controlling law, or clear error or manifest injustice that would justify . . . reconsideration of its [earlier] dismissal order." *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). And the district court was entitled to dismiss Lawrence's complaint without *sua sponte* granting leave to amend because amendment would have been futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

We **AFFIRM** the dismissal of Lawrence's complaint.