[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11488

Non-Argument Calendar

_____

MIRIAM HERNANDEZ,

Plaintiff-Appellant,

*versus*

JUDGE PEDRO ECHARTE,
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,
HAROLD B. KITE TRUPPMAN ESQ. P.A.,
HAROLD B. TRUPPMAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-20766-RKA

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Miriam Hernandez appeals *pro se* the district court's *sua sponte* dismissal of her second amended complaint alleging violations of due process, 42 U.S.C. § 1983, and Medicare law against Judge Pedro Echarte, Jr., her attorney Harold B. Kite Truppman, and State Farm Mutual Automobile Insurance Company. The district court dismissed Hernandez's request for injunctive relief against Judge Echarte and her request for damages against Truppman and State Farm because she failed to state a claim, 28 U.S.C. § 1915(e)(2)(B). We affirm.

We review a district court's *sua sponte* dismissal for failure to state a claim *de novo*, viewing the allegations in the complaint as true. *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019). A district court must dismiss a complaint of a plaintiff proceeding *in forma pauperis* if the district court determines that an action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The district court did not err in dismissing Hernandez's request for injunctive relief against Judge Echarte. "A judge enjoys

absolute immunity from suit for judicial acts performed within the jurisdiction of his court," *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018), unless he acts in "clear absence of all jurisdiction." *Id.* at 1332 (citation and internal quotation marks omitted). To obtain injunctive relief against a judicial officer under section 1983, a plaintiff must establish that the officer violated a declaratory decree or declaratory relief must otherwise be unavailable. 42 U.S.C. § 1983. And there must be an "absence of an adequate remedy at law," such as the state appellate process. *Bolin v. Story*, 225 F.3d 1234, 1242-43 (11th Cir. 2000). Hernandez argues that Judge Echarte was not entitled to judicial immunity because he was without jurisdiction when she filed a motion to disqualify him. Even assuming that motion was granted, Judge Echarte would not have been acting without subject-matter jurisdiction to rule on that motion. *See McCullough*, 907 F.3d at 1332. And Hernandez did not allege that a declaratory decree was violated or unavailable. *See* 42 U.S.C. § 1983. In addition, there was an adequate remedy at law because she could have appealed Judge Echarte's orders. *See Bolin*, 225 F.3d at 1242-43. So, the district court did not err in dismissing Hernandez's second amended complaint as to Judge Echarte.

The district court also did not err in ruling that Hernandez failed to state a claim against Truppman and State Farm. To act "under color of state law" under section 1983, a deprivation must involve a state actor. *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021). "Use of the courts by private parties does not constitute an act under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). Truppman and State Farm are private actors who

did not act under color of state law by filing motions in state court. *See id.* And although Hernandez argues on appeal that private actors can conspire with state actors like Judge Echarte to act under color of state law, she did not allege facts that would support an inference of a conspiracy in her second amended complaint. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that vague and conclusory allegations of a § 1983 conspiracy are insufficient to state a claim).

To the extent Hernandez argues she plausibly alleged violations of federal Medicare law, she failed to state a claim by not citing a statute or providing factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must allege "enough facts to state a claim to relief that is plausible on its face"). We need not address Hernandez's arguments regarding whether the *Rooker-Feldman* doctrine and Federal Rule of Civil Procedure 4(m) apply because the district court did not base its dismissal on these grounds.

We **AFFIRM** the dismissal of Hernandez's second amended complaint.