[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13927
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00006-RS-GRJ

PRESTON SHANE ALLEN,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 21, 2014)

Before ROSENBAUM, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this prison conditions case that focuses on the conduct of correctional officers, Preston Shane Allen, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil action for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Reversible error has been shown; we affirm the judgment in part and vacate in part; and remand the case for further proceedings.

We review de novo the district court's dismissal under section 1915(e)(2)(B)(ii), accepting the allegations in the complaint as true. Douglas v. Yates, 535 F.3d 1316, 1319-20 (11th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

---

[1] In addition to challenging the district court's dismissal of his complaint for failure to state a claim, Allen raises three other issues on appeal: (1) the district court failed to give proper consideration to Allen's pro se status; (2) the district court erred in denying Allen's request for class action certification; and (3) the magistrate judge and the district court erred in failing to recuse themselves. These arguments are without merit.

Briefly stated, Allen alleges that Defendant correctional officers conspired together and, on two specific occasions, retaliated against him for filing grievances about the conditions of his confinement.  In the first instance, Allen alleges that Defendant Officer Spradley placed Allen in administrative confinement and that Defendant Sgt. Cook issued Allen a fraudulent disciplinary report in retaliation for Allen's grievances against Defendants Sgt. Thompson and Officer Richardson.  Allen alleges that, at the resulting disciplinary hearing ("February disciplinary hearing"), he was not permitted to call witnesses on his behalf.  Following the hearing, Allen was placed into administrative confinement.[2]

About the second occasion, Allen contends that Defendant Sgt. Eldridge issued him a disciplinary report after Allen filed a grievance against Sgt. Lambert (female).  Following a disciplinary hearing ("June disciplinary hearing"), where Allen was again denied the opportunity to call witnesses, Allen was found guilty of the charged offense and was placed in disciplinary confinement.  Allen alleges that an officer later admitted to Allen that he, Sgt. Eldridge, Sgt. Lambert (male), and Sgt. Lambert (female) had conspired to place Allen in confinement in retaliation for Allen's filing a grievance against Sgt. Lambert (female).

---

[2] The operative third amended complaint does not indicate the outcome of Allen's February disciplinary hearing, but in Allen's second amended complaint, he alleges that he "won" the hearing.

3

Construed liberally, Allen's third amended complaint touches on two constitutional assertions: (1) that Defendants violated his due process rights under the Fourteenth Amendment; and (2) that Defendants retaliated against him for exercising his First Amendment rights.[3]

I.  Due Process Claim:

Allen alleges that Defendants violated his due process rights when they failed to speak to or ensure the appearance of Allen's witnesses at Allen's two disciplinary hearings.

The Supreme Court has recognized two instances in which a prisoner may be deprived of a constitutionally protected liberty interest, such that due process is required: (1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court"; and (2) "when the state has consistently bestowed a certain benefit to prisoners . . . and the

---

[3] Allen also alleges that, while he was in confinement, Defendants seized his personal property in violation of the Fourth and Fourteenth Amendments.  We reject this claim.  Prisoners have no reasonable expectation of privacy and, thus, no Fourth Amendment protection against unreasonable searches of their prison cells.  See Hudson v. Palmer, 104 S.Ct. 3194, 3200 (1984).  Moreover, "an unauthorized deprivation of property by a state employee does not constitute a violation of procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Id. at 3204.  Because, under Florida law, Defendants could be held liable for conversion for the alleged unlawful seizure of Allen's personal property, Allen has access to an adequate postdeprivation remedy and has alleged no due process violation.  See Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009).

deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Kirby v. Siegelman, 195 F.3d 1285, 1291 (11th Cir. 1999) (citing Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995)). When a prisoner's due process rights are triggered, he is entitled to, among other things, an opportunity to call witnesses and present documentary evidence at a disciplinary hearing. See Wolff v. McDonnell, 94 S.Ct. 2963, 2979-80 (1974).

Allen has alleged no deprivation of a constitutionally protected liberty interest. Although Allen alleges that he was placed in administrative and disciplinary confinement in connection with his two disciplinary hearings, he has not alleged that the conditions of such confinement presented "the type of atypical, significant deprivation" that creates a liberty interest. See Sandin, 115 S.Ct. at 2300-01 (30-days in segregated disciplinary confinement did not trigger due process protection where the conditions of disciplinary segregation were not significantly different from the conditions outside disciplinary segregation). Nor has Allen alleged that he lost good time credits as a result of his disciplinary proceedings. See Wolff, 94 S.Ct. at 2975 (prisoners have a constitutionally protected liberty interest in state-created right to good time credits). And, to the extent that Allen alleges that the mishandling of grievance procedures violated his due process rights, prisoners have no constitutionally protected liberty interest in

5

having access to prison grievance procedures.  See Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011).  Because Allen has alleged no constitutionally protected liberty interest, he has failed to state a claim for due process violation under the Fourteenth Amendment.

II.  First Amendment Retaliation Claim:

Prison officials are forbidden by the First Amendment from retaliating against prisoners for filing grievances complaining about the conditions of confinement.  O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).  To state a claim for retaliation, a prisoner must allege that "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance]."[4]  Id. (alterations in original).  For the third element, a prisoner must allege facts showing that the alleged retaliatory conduct would not have occurred but for the retaliatory motive.  Id. at 1217.  We have said that a

---

[4] The parties do not dispute that Allen has satisfied the first two elements.  The only issue on appeal is whether Allen alleged sufficiently a causal relationship between Defendants' retaliatory acts and Allen's protected speech.

prisoner "cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process." Id. at 1215.

In rejecting Allen's retaliation claims, the district court concluded that Allen failed to state a claim for retaliation because (1) he was in fact found guilty of a disciplinary violation and (2) he failed to allege facts demonstrating a causal connection between his grievances and Defendants' disciplinary conduct.

We agree that, because Allen failed to allege a due process violation at his June disciplinary hearing, and because Allen concedes that he was found guilty of the charged offense at his June disciplinary hearing, he cannot state a claim for retaliation based on that incident. See id.

The district court erred, however, in dismissing Allen's retaliation claim based on his February disciplinary hearing. First, Allen does not allege -- and nothing evidences -- that he was found guilty of a disciplinary offense at his February disciplinary hearing. Thus, Allen is not foreclosed from stating a retaliation claim by our decision in O'Bryant. Second, construing the complaint liberally and accepting Allen's allegations as true, Allen has alleged sufficiently

that Defendants conspired with one another to retaliate against Allen for filing grievances.[5]

To state a claim for conspiracy, a complaint must contain more than just vague and conclusory accusations.  See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  "It is not enough to simply aver in the complaint that a conspiracy existed." Fullman, 739 F.2d at 557.  Instead, the complaint must contain "enough factual matter (taken as true) to suggest than an [illegal] agreement was made."  Twombly, 127 S.Ct. at 1965.  "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."  Id.  Moreover, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  Id.

In this case, Allen has not just alleged broadly that a conspiracy existed between Defendants.  Instead, Allen contends specifically that "[D]efendants are

_____

[5] We construe Allen's complaint -- which contends that Defendants engaged in a pattern of conspiring against prisoners who file grievances -- as alleging facts sufficient to assert the existence of a single conspiracy among all seven Defendants, involving two specific instances of that conspiracy acting to retaliate against Allen.  Thus, although we have determined that the events surrounding Allen's June disciplinary hearing are not actionable, we believe Allen has stated a plausible claim for liability against all Defendants as participants in a single conspiracy responsible for the February disciplinary hearing.  We cannot say, at this early stage in the proceedings, whether the evidence will demonstrate ultimately the existence of a single conspiracy (responsible for both the February and June disciplinary hearings), multiple conspiracies (one conspiracy, with its own members, involving just the February incident and a separate conspiracy, with other members, involving just the June incident), or no conspiracy at all.

either family to one another, drinking buddies, hunting buddies, and all are members of a Department of Corrections brotherhood [something like a gang] and has pledged [for all to hear] that they will protect one another no matter what it takes."  As further evidence of the alleged conspiracy among Defendants, Allen contends that Officer Canon told Allen expressly that "Sgt. Lambert's husband asked Officer Canon and Sgt. Eldridge to do him a favor since they are friends and hunting buddies" and to have Allen placed in confinement in retaliation for filing a grievance against Sgt. Lambert (female).[6]  Based on these fact-specific allegations, we believe Allen's complaint contains sufficient facts to suggest plausibly that Defendants entered into an illegal agreement.  Because Allen has stated a claim for conspiracy among Defendants that is plausible on its face, he has alleged sufficiently a causal connection between his protected speech and Defendants' alleged retaliatory acts.

To the extent that the district court dismissed, for failure to state a claim, Allen's retaliation claim based on the events surrounding Allen's February discipline hearing, we vacate the judgment and remand for further proceedings.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.

---

[6] Although Allen cannot state a claim for retaliation based on the events surrounding his June disciplinary hearing, Allen's factual allegations about that alleged retaliatory incident are still pertinent (showing intent, plan, motive) to his claim that Defendants participated in a single conspiracy to retaliate against him for filing grievances against other members of the alleged "brotherhood."

9